# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE MACK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 18 C 6300 |
| RESURGENT CAPITAL SERVICES L.P., and LVNV FUNDING LLC, | ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Yvonne Mack, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

### I. PRELIMINARY STATEMENT

1. This is an action for statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b): a) Plaintiff resides here; b) the acts and transactions occurred here; and c) Defendants transact business here.

### III. PARTIES

4. YVONNE MACK, (hereinafter, "Plaintiff") is an individual who at all relevant times was a resident of the City of Chicago, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a defaulted consumer debt allegedly originally owed by Plaintiff to U.S. Bank, N.A. (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditures.

7. LVNV FUNDING LLC purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. LVNV FUNDING LLC then had its sister company, RESURGENT CAPITAL SERVICES L.P. manage its collection of the Debt and direct and/or coordinate the activities of third party collection agencies.

9. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. RESURGENT CAPITAL SERVICES L.P., (hereinafter, "Resurgent") is a business entity engaged in the collection of debt within the State of Illinois. Resurgent's principal place of business is located in the State of South Carolina. Resurgent is registered as a limited partnership in the State of Illinois.

11. The principal purpose of Resurgent's business is the collection of defaulted consumer debts owed to others.

12. Resurgent regularly collects, or attempts to collect, defaulted consumer debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Resurgent sends bills, statements, and/or other correspondence to alleged debtors via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as the telephone.

14. At all relevant times, Resurgent acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Resurgent acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. LVNV FUNDING LLC, (hereinafter, "LVNV") is a business entity engaged in the collection of defaulted consumer debts within the State of Illinois. LVNV's principal place of business is located in the State of Nevada. LVNV is registered as a limited liability company in the State of Illinois.

17. LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister company Resurgent. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

18. During the course of its efforts to collect defaulted consumer debts, LVNV has its collection agencies send bills, statements, and/or other correspondence via the mail to alleged debtors, and initiates contact with alleged debtors via various means of telecommunication, such as the telephone.

19. At all relevant times, LVNV acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

20. At all relevant times, LVNV acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

21. Defendants Resurgent and LVNV are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as **Group Exhibit A**. In fact, Defendants Resurgent and LVNV conduct extensive business in Illinois.

22. Moreover, Defendants Resurgent and LVNV are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as **Group Exhibit B**. In fact, Defendants Resurgent and LVNV act as collection agencies in Illinois by trying to collect defaulted consumer debts from thousands of persons in Illinois via collection letters, phone calls and lawsuits.

### IV. GENERAL ALLEGATIONS

23. On April 27, 2018, on behalf of Defendants, another debt collector, Frontline Asset Strategies, sent Plaintiff a letter in an attempt to collect the Debt from Plaintiff. (A true and exact copy of Frontline's letter to Plaintiff ,dated April 27, 2018, is attached hereto as **Exhibit C**).

24. The aforesaid letter was the initial communication with Plaintiff.

25. The aforesaid letter sent to Plaintiff by Frontline stated, *inter alia*:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office, in writing, within 30 days after

receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

26. Plaintiff received Defendants April 27, 2018 letter on May 11, 2018, and on June 5, 2018 sent a letter to Frontline disputing the Debt and requesting validation. (A true and exact copy of said correspondence sent by Plaintiff to Frontline, with a certified mail receipt and UPS.com tracking printout, is attached hereto as **Group Exhibit D**).

27. On June 7, 2018, Frontline received the aforesaid correspondence sent by Plaintiff, see, Group Exhibit D.

28. Frontline forwarded Plaintiff's dispute to Defendants.

29. Without providing validation, on June 18, 2018, Defendants sent Plaintiff a letter in an attempt to collect the Debt. (A true and exact copy of Resurgent's correspondence to Plaintiff, dated June 18, 2018 is attached hereto as **Exhibit E**).

30. In the letter sent by Defendants to Plaintiff, dated June 18, 2018, Resurgent stated, *inter alia*, "Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry we recently received."

31. In the correspondence sent by Resurgent to Plaintiff dated June 18, 2018, Defendants further stated:

> Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

## V. VIOLATIONS OF THE FDCPA

32. The Defendants' June 18, 2018 letter would cause any consumer, let alone the unsophisticated consumer, to believe that she must yet again dispute the Debt despite the fact that such consumer had already submitted a valid dispute of the Debt.

33. Thus, Defendants' form letter violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    d. Failed to state adequately the name of the creditor to whom the debt was owed, in violation of 15 U.S. C. § 1692g(a)(2); and,

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

34. These are material violations of the FDCPA because they would lead a consumer to believe that their dispute had not been effective and that they had to re-dispute the debt, or that they did not have the rights that Congress gave them under the FDCPA. In fact, Defendants' letter confused and alarmed Plaintiff.

## VI. CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of herself and:

    all consumers to whom Defendants sent the same form letter (Exhibit E), that Defendants sent to Plaintiff, regarding a defaulted consumer debt, from one year before the date of this Complaint to the present.

36. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

37. The class is so numerous that joinder of members is impracticable.

38. The exact number of class members is unknown to Plaintiff at this time but can be easily ascertained through appropriate discovery.

39. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

40. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to:

   a. The existence of Defendants' identical conduct particular to the matters at issue;

   b. Defendants' violations of the federal Fair Debt Collection Practices Act;

   c. The availability of statutory penalties; and,

   d. The availability of attorneys' fees and costs.

41. The claims of Plaintiff are typical of those of the class she seeks to represent.

42. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class members would require proof of the same material and substantive facts.

43. Plaintiff possesses the same interests and has suffered the same injuries as each class member.

44. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

45. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

46. Plaintiff is willing and prepared to serve this Court and proposed class.

47. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

48. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)B. The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

50. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

52. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in Plaintiff's Complaint in that:

   a. Individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake;

   b. As a result, very little litigation has been commenced over the controversies alleged in Plaintiff's Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; and,

   c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

WHEREFORE, Plaintiff, Yvonne Mack, individually and on behalf of all others similarly situated, prays for judgment as follows:

   a. Certify the class in this matter, appoint Plaintiff as class representative and her attorneys as class counsel;

   b. Finding that Defendants violated the Fair Debt Collection Practices Act;

   c. Enter judgment in favor of Plaintiff Mack and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

   d. Awarding Plaintiff, and all others similarly situated, any other relief deemed appropriate by this Honorable Court.

### VII. JURY DEMAND

53. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**YVONNE MACK, individually
and on behalf of all others similarly
situated,**

By: ___s/ David J. Philipps___
One Of Plaintiff's Attorneys

Dated: September 14, 2018

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Larry P. Smith     (Ill. Bar No. 06217162)
David M. Marco   (Ill. Bar No. 06273315)
SMITHMARCO, P.C.
55 W. Monroe Street
Suite 1200
Chicago, Illinois 60603
(312) 546-6539
(888) 418-1277 (FAX)
lsmith@smithmarco.com
dmarco@smithmarco.com